UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHA'SUN CREATOR ALLAH,

        Plaintiff,

   -against-

OSMAN YILDIZ, et al.,

        Defendants.

No. 22-CV-1854 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants failed to protect him when he made suicidal threats while he was incarcerated at Sullivan Correctional Facility. By order dated March 3, 2022, the United States District Court for the Northern District of New York granted Plaintiff's request to proceed in forma pauperis (IFP), that is, without prepayment of fees. (Dkt. No. 9, at 2.)

## DISCUSSION

  Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Osman Yildiz, Dr. Mahmud, and Carla Steinbogher through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Osman Yildiz, Dr. Mahmud, and Carla Steinbogher, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: April 18, 2022
        White Plains, New York

                                              KENNETH M. KARAS
                                        United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Osman Yildiz
   Social Worker
   Sullivan Correctional Facility
   325 Riverside Drive, P.O. Box 116
   Fallsburg, NY 12733

2. Dr. Mahmud
   Psychiatrist
   Sullivan Correctional Facility
   325 Riverside Drive, P.O. Box 116
   Fallsburg, NY 12733

3. Carla Steinbogher
   Social Worker, Office of Mental Health
   Sullivan Correctional Facility
   325 Riverside Drive, P.O. Box 116
   Fallsburg, NY 12733